IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAMARY ALEJANDRA RODRIGUEZ FLORES,

          Petitioner,

v.                                        CIVIL ACTION NO.   2:26-cv-00044

CHRISTOPHER MASON, et al.,

          Respondents.

**ORDER TO SHOW CAUSE**

On January 13, 2026, Petitioner Damary Alejandra Rodriguez Flores and her husband were arrested and detained by Immigration Customs and Enforcement officers while travelling on Interstate 77 near the Ghent tollbooth. [ECF No. 1, ¶ 14–16]. On January 20, 2026, Petitioner filed her Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Id.* ¶ 1. Eight days after her arrest, she remains confined at South Central Regional Jail in Charleston, WV. *Id.* ¶ 8. Petitioner seeks "immediate release, or in the alternative, an order directing Respondents to provide her with a constitutionally adequate custody hearing before a neutral decisionmaker with authority to assess the necessity of detention and to order release on appropriate conditions." *Id.* ¶ 2.

According to the Petition, Petitioner is a citizen and national of Honduras and a noncitizen resident of the United States. *Id.* ¶¶ 8, 14. Petitioner has been living in Charlotte, North Carolina, where her husband is employed by his brother, a United States citizen. *Id.* ¶ 17. Petitioner asserts that her confinement is "civil and administrative in nature" and that it is not based on any criminal conviction or charge. *Id.* ¶ 18. As of now, Petitioner asserts that no administrative judge or neutral decisionmaker has determined that her confinement is justified. *Id.* ¶ 21. This confinement,

Petitioner alleges, violates her Fifth Amendment Due Process Rights, the Immigration and Nationality Act, the Administrative Procedures Act, the Equal Protection Clause of the Fifth Amendment, and the Suspension Clause. *Id.* ¶¶ 37–68.

Petitioner also moves for the court to expeditiously resolve her habeas petition and enjoin Respondents from removing her outside the jurisdiction. [ECF No. 5]. By statute the court must quickly resolve this matter:

> A court, justice or judge entertaining an application for a writ of habeas corpus *shall forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243 (emphasis added). *See also* 28 U.S.C. § 1651 (All Writs Act); *Gonzalez-Pablo v. Mason*, 788 F. Supp. 3d 759 (S.D. W. Va. 2025) (Goodwin, J.).

Therefore, Petitioner's Motion for an Order to Show Cause, **[ECF No. 5],** is **GRANTED**. Accordingly, it is **ORDERED**:

(1) Respondents **shall not remove or facilitate the removal** of Petitioner from the Southern District of West Virginia pending further order of the court;

(2) Respondents shall file a written response to this Order on why the Petition for Writ of Habeas Corpus should not be granted by **Saturday, January 24, 2026;**

(3) Petitioner shall file a reply by **Monday, January 26, 2026, at 12:00 p.m.;**

(4) A hearing on the matter shall be scheduled for **Tuesday, January 27, 2026, at 11:00 a.m. in Charleston, WV** in front of this court; and

(5) Counsel for Petitioner shall ensure that Respondents are **IMMEDIATELY** served with the Petition, [ECF No. 1]; Petitioner's Motion, [ECF No. 5]; and this Order.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER:   January 21, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE